# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Eddie Clay Golson, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 1:16-3532 |
| | ) |
| v. | ) |
| | ) |
| Warden McFadden, | ) **OPINION AND ORDER** |
| | ) |
| Respondent. | ) |

Eddie Clay Golson ("Petitioner") is an inmate who is currently housed at the Leiber Correctional Institution in Ridgeville, South Carolina. On October 31, 2016, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for burglary in the first degree and possession of a weapon during a violent crime in Lexington County, South Carolina. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

## I. FACTUAL BACKGROUND

Petitioner was indicted at the August 2008 term of the Lexington County Grand Jury for burglary in the first degree (2008-GS-32-3181) and possession of a weapon during a violent crime (2008-GS-32-3283). ECF No. 12-3 at 47-50. Elizabeth C. Fullwood, Esq., and Bennett E. Castro, Esq., represented Petitioner at trial. ECF No. 12-1. On March 30 and 31, 2000, the Honorable R. Knox McMahon conducted a jury trial. *Id.* At trial, the state presented evidence that the victim, Matthew Olsen ("Olsen") was awoken by noises in his home. Olsen went downstairs to investigate the noise when he noticed the door knob had been pulled off the front door. ECF No. 12-1 at 99. Olsen then confronted a black male with a "do-rag" over his face. *Id.*

1

Olsen ran to the kitchen to grab his gun, and when he returned he saw the intruder climbing through a broken front window. *Id.* at 100. Olsen followed the intruder out but went back inside to call the police after the intruder left the premises. *Id.* Deputies from the Lexington County Sheriff Department responded to the call. *Id.* Deputies took an inventory of the missing items, including a luger pistol, and processed the crime scene. *Id.* at 101-02, 105. Deputies collected a shard of the broken glass, which contained blood; a can of Hurricane beer; and fingerprints throughout the house. *Id.* at 160-62; 164-65. Deputies spoke with the victim's daughter, who had gone to a nearby convenience store to ask the clerk whether she had sold anyone Hurricane beer that night. *Id.* at 152, 183. The clerk remembered selling the beer to Petitioner. *Id.* at 184. The clerk remembered Petitioner coming back to the store a second and third time during her shift that night. *Id.* at 185-86. The second time Petitioner came into the store, the clerk remembered that he had a cut on his arm. *Id.* at 185.

The clerk identified Petitioner through a photo line-up. *Id.* at 189-90. Based on this information, the deputies obtained a blood sample from Petitioner on January 12, 2009. ECF No. 225. The DNA from Petitioner's blood sample was compared to the DNA collected from the shard of broken glass and the swab taken from the top of the Hurricane beer can. ECF No. 12-2 at 50-52. Petitioner's DNA was a partial match to the beer can swab and a complete match to the blood on the shard of glass. *Id.* at 50-53. Petitioner's counsel objected to the introduction of the DNA comparison as the state did not provide the individual who took the sample as a witness. The court overruled the objection and the state introduced the DNA results into evidence. *Id.* at 38-43.

The jury found Petitioner guilty on both charges. ECF No. 12-2 at 96. Judge McMahon sentenced Petitioner to twenty-five years imprisonment for the burglary conviction and five years imprisonment for the weapons charge, to run concurrently. *Id.* at 107.

On April 3, 2009, Petitioner timely filed a Notice of Appeal. ECF No. 12-2. Appellate Counsel M. Celia Robinson, Esq., represented Petitioner on appeal. Attorney Robinson raised the following issue on appeal:

> The trial judge erred in overruling the defense objection to the chain of custody of appellant's blood sample where the State failed to present testimony from the medical personnel responsible for drawing and preserving the blood sample.

ECF No. 12-5 at 5. On April 25, 2012, the South Carolina Court of Appeals affirmed Petitioner's convictions in an unpublished decision. ECF No. 12-7. The Court of Appeals issued a remittitur on May 15, 2012. ECF No. 12-8.

Petitioner filed a Post-Conviction Relief ("PCR") application on June 14, 2012. ECF No. 12-2 at 109-15. Petitioner alleged various trial court evidentiary errors and jurisdiction issues. ECF No. 12-2 at 109-15. Petitioner was appointed counsel, Charles T. Brooks, III, Esq., who filed two amended applications alleging additional jurisdictional issues. *Id.* at 116-17. On January 14, 2014, the Honorable Brian M. Gibbons held a PCR evidentiary hearing. ECF No. 127-61. Petitioner and his trial counsel testified. *Id.* Petitioner testified that

> [t]he blood from the broken glass and the swab from the beer can that was collected from the crime scene was entered into the state database and it did not match my DNA profile. These results were conducted on November 25th of 2008. The crime happened on August 18th of 2007. And my DNA was submitted to the State database in the year of 2004. So this would have been impossible for me to escape that.

ECF No. 12-2 at 147. His trial counsel testified that she independently evaluated and investigated the DNA report and saw no potential issue with the reports. *Id.* at 157-58. Petitioner introduced, as an exhibit, a report generated on November 12, 2008, demonstrating a match

3

between Target 08-14187-2 (believed to be the shard of glass, *see* ECF No. 12-2 at 51) and Candidate 4-3006 (Petitioner, ECF No. 23 at 2). ECF No. 12-3 at 22, 30. The PCR court denied Petitioner's ineffective assistance of counsel claims. ECF No. 12-3 at 43-44. The PCR court held:

> [Petitioner] failed to meet his burden to prove counsel's performance was deficient or ineffective for failing to adequately investigate the purportedly exculpatory evidence. "This Court has stated previously that criminal defense attorneys have a duty to undertake a reasonable investigation, which at a minimum includes interviewing potential witnesses and making an independent investigation of the facts and circumstances of the case." *Edwards v. State*, 392 S.C. 449, 456, 710 S.E.2d 60, 64 (2011). First, [Petitioner] asserts that counsel failed to exploit the purportedly exculpatory DNA evidence that linked him to the crime scene. This Court finds that [Petitioner's] assertions rested upon unqualified and conclusory speculation. *See Moorehead v. State*, 329 S.C. 329, 334, 496 S.E.2d 415, 417 (1998) ("Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result."). [Petitioner] introduced an unauthenticated exhibit from [South Carolina Law Enforcement Division ("S.L.E.D.")] that provides him no support here; facially it confirms the S.LE.D.'s expert's trial testimony. *See U.S. v. Taylor*, 802 F.2d 1108, 1119 (9th Cir. 1986) (Vague and speculative assertions are deficient.). In contrast, counsel provided credible testimony regarding her efforts in attacking the evidence at trial. This Court finds counsel's performance more than sufficient on the matter. *See U.S. v. Taylor*, 832 F.2d 1187, 1195-96 (10th Cir. 1987) ("The record of counsel's performance in examination and cross-examination of witnesses may show preparation and knowledge of the case."). Therefore, this Court readily denies and dismisses this allegation.

*Id.*

Petitioner appealed the denial of PCR on October 8, 2014. ECF No. 12-10. Benjamin John Trapp, Esq., represented Petitioner on appeal. On June 16, 2015, Petitioner's attorney filed a *Johnson*[1] petition for a writ of certiorari to the South Carolina Supreme Court, disputing

> [w]hether the record supports the PCR court's finding that trial counsel adequately investigated and presented evidence of third-party guilt simply

---

[1] *Johnson v. State*, 364 S.E.2d 201 (1988) (permitting the withdrawal of counsel in meritless post-conviction appeals following the factors outlined in *Anders v. California*, 386 U.S. 738 (1967)).

4

> because trial counsel in closing touched on testimony that the fingerprints at the
> scene did not match Petitioner's.

ECF No. 12-11 at 3. After stating that the petition was without merit, Petitioner's attorney requested permission to withdraw from further representation. *Id.* at 9. Petitioner filed a pro se brief. ECF No. 12-12. On November 3, 2015, the South Carolina Supreme Court denied the petition for writ of certiorari. ECF No. 12-13. The remittitur was issued on November 20, 2015. ECF No. 12-14. Petitioner filed a second PCR application on February 12, 2015, and a third PCR application on May 19, 2015. ECF Nos. 12-15, 12-16. Petitioner requested reconsideration of Judge Gibbons' order of dismissal under South Carolina Rule of Civil Procedure 60(b). *Id.* On February 1, 2016, Petitioner's second and third PCR applications were merged into one. ECF No. 12-18. The state responded and moved to dismiss the combined PCR application. ECF No. 12-20. The judge issued a conditional order of dismissal, to which Petitioner filed a response. ECF No. 12-21.

On October 27, 2016, while Petitioner's PCR application was pending, Petitioner filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner states the following three grounds for relief:

**Ground One:** Trial counsel was ineffective for failing to investigate DNA evidence which was recovered from the crime scene, which did not match Petitioner's DNA profile when entered into the combined DNA Index System (CODIS)

Supporting Facts: Based on Petitioner's prior commitment's to S.C.D.C. my DNA profile was already in the CODIS system before the recovered DNA evidence was entered into CODIS system. (See Exhibit I). When the DNA evidence from the crime scene was entered into CODIS the profile developed from items 1, and 2, was from an unidentified male individual, see (Exhibit 2 and 3.).

**Ground Two:** Trial counsel was ineffective for failing to object or challenge the introduction of DNA evidence when Sled expert testified to the wrong Sled lab number.

>           Supporting Facts: During my trial Sled expert witness testified that
>           "our case number is L.L.L. 81487" which is not the assigned case
>           number. The correct Sled lab number is LO8-14187 (See trial
>           transcript P. 242 line 13-20) See Exhibit (1).(4) Also See Exhibit
>           (3). The record clearly shows that trial counsel did not object to
>           Sled expert testifying to the wrong Lab number's and due to
>           counsel failure to object to this evidence which was not the
>           assigned lab number was entered into evidence See trial transcript
>           P. 242, See Exhibit (4).
>
> **Ground Three:** Trial counsel was ineffective for failing to object to the receiving of
>           the items found at the crime scene, at the time they were received
>           by the evidence custodian at the lexington county Sheriff
>           Department. (Chain of Custody)
>
>           Supporting Facts: At the time officer J.L. Hickman turn over the
>           Item's found at the crime scene to the evidence custodian at the
>           Lexington county Sheriff Department Margaret E. Harmon or
>           anyone else signed for the item's, And the items were not logged in
>           on the evidence property record's, which required the signature of
>           the receiving custodian, date and time, location in the evidence
>           room, disposition code and date an[d] then assigned a bar code. See
>           Exhibit (5). Trial counsel failed to object to the testimoney of
>           evidence custodian Margaret E. Harmon. See (Trial transcript P.P.
>           172-182 Exhibits (6-16) Direct testimoney of Margaret E. Harmon.

ECF No. 1 at 16-18 (spelling and capitalization errors in original). On January 17, 2017, Respondent Warden McFadden ("Respondent") moved for summary judgment. ECF No. 13. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and possible consequences if he failed to adequately respond. ECF No. 14. After receiving an extension of time to respond, Petitioner responded on March 1, 2017. ECF No. 19.

On June 19, 2017, the Magistrate Judge issued a Report and Recommendation recommending Respondent's motion for summary judgment be granted and the petition be denied. ECF No. 21. The Magistrate Judge recommended the court grant summary judgment on Ground One as the "PCR court made reasonable findings of fact and reasonably applied federal

law in denying Petitioner's claim concerning trial counsel's failure to further investigate the DNA evidence that linked him to the crime scene." *Id.* at 20. The Magistrate Judge recommended that the court grant summary judgment on his remaining grounds as Grounds Two and Three were procedurally barred and Petitioner did not show sufficient cause and prejudice to excuse the default of the claims. ECF No. 21 at 15-16. Further, Petitioner did not show a miscarriage of justice occurred. *Id.* at 17-18. Petitioner objected to the Magistrate Judge's recommendation that the court grant Respondent's motion for summary judgment as to Ground One. ECF No. 23.

## II. LEGAL STANDARDS AND ANALYSIS

### A. Legal Standards

#### 1. District Court Review of Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* In the absence of objections to the Magistrate Judge's Report and Recommendation, the court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). Petitioner did not object to the Magistrate Judge's recommendation that the court grant summary judgment on Grounds Two and Three. The court

adopts the Report and Recommendation of the Magistrate Judge as to Grounds Two and Three and incorporates it herein by reference.

2. Summary Judgment

Under Federal Rules of Civil Procedure Rule 56(a), a court shall award summary judgment if there is no dispute as to a material fact and the moving party is entitled to a judgment as a matter of law. The party seeking summary judgment bears the initial burden of coming forward and demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must affirmatively demonstrate that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court should grant summary judgment if a party fails to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

3. Writ of Habeas Corpus Under § 2254

The petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996. 28 U.S.C. §§ 2241 *et seq.* (2012). A court's review of a 28 U.S.C. § 2254 petition is limited by subsection (d), which provides that

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

A state court's decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth" by the Supreme Court of the United States or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different result]." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000) (O'Connor, J., concurring). Additionally, a state court's decision may be questioned "if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of a particular state prisoner's case." *Id.* at 407. Ultimately, the standards imposed by the AEDPA were intended to be difficult to meet, only correcting extreme malfunctions in the state's criminal justice systems. *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) ("[AEDPA] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedence. It goes no further.").

4. Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that he was prejudiced by the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must show that the attorney's performance fell below an objective standard of reasonableness. *Id.* at 688. The petitioner must also demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694. *Strickland* requires the petitioner to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional

judgment." *Id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an attorney's error will not warrant setting aside the conviction if the error had no effect on the judgment. *Id.* at 694. Further, "establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 88. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105. Accordingly, a petitioner must overcome two highly deferential standards: deference to defense counsel's decisions and deference to the state court's determination that counsel was not ineffective. *Id.* at 105.

      **B.**      **Analysis**

"To fulfill the Sixth Amendment right to counsel, counsel must undertake reasonable investigation. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. The court finds that the PCR court reasonably applied federal law requiring defense counsel to undertake a reasonable investigation. Counsel reviewed the reports that compared the DNA developed from the blood sample to the DNA developed from the beer can and shard of broken glass. Trial counsel's decision not to undertake any further investigation was reasonable as the report demonstrated a match. Petitioner cannot show any prejudice from trial counsel's decision to not investigate further. Accordingly, the court grants Respondent's motion for summary judgment on Ground One.

### III. CONCLUSION

Based on the foregoing, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21) and incorporates herein by reference. Respondent's motion for summary judgment (ECF No. 13) is **GRANTED**, Petitioner's petition under 28 U.S.C. § 2254 for writ of habeas corpus (ECF No. 1) is **DENIED**, and the motion is dismissed without an evidentiary hearing.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of denial of a constitutional right. 28 U.S.C §2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-el v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee* 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **denies** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
Senior United States District Court Judge

Columbia, South Carolina
August 15, 2017